IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ARTURO ANAYA,

        Petitioner,

v.                                                                                       No. CV 20-357 JB/CG

TIMOTHY HATCH, Warden,

        Respondent.

## ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court on Petitioner Arturo Anaya's pro se handwritten *Habeas Corpus Petition*, (Doc. 1), and the Court's *Order to Cure Deficiencies* (the "Order"), (Doc. 3), filed April 23, 2020. In the Order, Mr. Anaya was directed to cure deficiencies in his filing within thirty days by submitting a signed petition in proper form and paying the $5 filing fee, or by filing an *Application to Proceed in the District Court Without Prepaying Fees and Costs*. (Doc. 3). Mr. Anaya has not cured the deficiencies or responded to the Court's Order. The Court, therefore, directs Mr. Anaya to show cause why this case should not be dismissed under Fed. R. Civ. P. 41(b) for failure to comply with the Court's Order and failure to prosecute.

The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003); *Bradenburg v. Beaman,* 632 F.2d 120, 122 (10th Cir. 1980) ("It is incumbent on litigants, even those proceeding pro se, to follow the federal rules of procedure. . . The same is true of simple, nonburdensome local rules . . .." (citation omitted)).

At the time it was filed, the handwritten Complaint stated that Mr. Anaya was incarcerated at the Northeast New Mexico Detention Facility. (Doc. 1). Because he claims he is falsely imprisoned and seeks to make a direct attack on his wrongful conviction, (Doc. 1 at 1-2), the Court determined Mr. Anaya's filing is properly treated as a habeas corpus claim under 28 U.S.C. § 2254. *See Wiley v. Holt*, 42 F. App'x 399, 400 (10th Cir. 2002). The Court thereafter notified Mr. Anaya that his filing is not in proper form to assert habeas corpus claims. (Doc. 3 at 1). The Court also advised Mr. Anaya that under 28 U.S.C. §§ 1914(a) and 1915(a), the Court is required to collect the federal filing fee or authorize him to proceed without prepayment of the fee. (Doc. 3 at 2). The Court ordered Mr. Anaya to cure these deficiencies in his submission within thirty days and provided him with the necessary forms for a habeas corpus petition and an application to proceed under § 1915. (Doc. 2 at 2).

More than thirty days have elapsed since entry of the Court's Order. Mr. Anaya has not paid the filing fee, applied to proceed under § 1915, or filed a habeas corpus petition in proper form. Mr. Anaya has not responded to the Court's Order or communicated with the Court in any way.

In sum, Mr. Anaya has failed to comply with the Court's Order, to comply with the Local Rules, and to prosecute this action. Therefore, the Court will order Mr. Anaya to show cause within thirty (30) days why this proceeding should not be dismissed for failure to comply with the requirements of 28 U.S.C. § 1915, to comply with the Court's Order, and to prosecute this action. If Mr. Anaya does not show cause within thirty (30) days, the Court may dismiss this case without further notice.

**IT IS THEREFORE ORDERED** that Mr. Anaya must show cause no later than **July 1, 2020**, why his habeas corpus petition should not be dismissed for failure to comply with 28 U.S.C. § 1915, failure to comply with the Court's Order, and failure to prosecute this case.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE