IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARTURO ANAYA,

      Petitioner,

vs.                                                                                    No. CIV 20-0357 JB/CG

TIMOTHY HATCH,

      Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on: (i) Petition Under 28 U.S.C. 2254 for a Writ of Habeas Corpus, filed April 20, 2020 (Doc. 1)("Petition"); and (ii) Amended Petition Under 28 U.S.C. 2254 for a Writ of Habeas Corpus, filed June 11, 2020 (Doc. 5)("Amended Petition").  The Court will dismiss the Petition and Amended Petition for lack of jurisdiction.  Petitioner Arturo Anaya was convicted by a jury on two counts of First-Degree Murder, Aggravated Burglary, and Intimidation of a witness.  See Anaya v. Hatch, No. CIV 16-0331 MV/SMV, Order Denying Certificate of Appealability at 2, filed February 6, 2019 (Doc. 55)("Order").  Anaya was sentenced to life imprisonment by the State of New Mexico, County of Santa Fe, First Judicial District.  See Order at 2.

In his Amended Petition, Anaya challenges his State of New Mexico conviction and sentence in case No. D-101-CR-2012-00119 and seeks habeas corpus relief under 28 U.S.C. § 2254.  See Petition at 1; Amended Petition at 1.  This is the second time that Anaya has made the same challenge to his conviction and sentence in D-101-CR-2012-00119 under § 2254.  See Amended Petition at 1; Anaya v. Hatch, No. CIV 16-0331MV/SMV, Petition Under 28 U.S.C.

2254 for a Writ of Habeas Corpus, filed April 22, 2016 (Doc. 1)("First Petition"). Anaya filed his first petition for writ of habeas corpus under 28 U.S.C. § 2254 in 2016. See First Petition at 1. The Honorable Stephan M. Vidmar, United States Magistrate Judge for the United States District Court for the District of New Mexico, issued Proposed Findings and a Recommended Disposition recommending that Anaya be allowed to withdraw his unexhausted claims and that his exhausted claims be dismissed. See Anaya v. Hatch, No. CIV 16-0331 MV/SMV, Proposed Findings and Recommended Disposition, filed October 6, 2017 (Doc. 28). Anaya objected and did not withdraw his unexhausted claims. See Anaya v. Hatch, No. CIV 16-0331 MV/SMV, Objections, filed October 19, 2017 (Doc. 29). The Honorable Robert A. Junell, United States District Judge for the United States District Court for the Western District of Texas, overruled Anaya's objections, dismissed all claims in case No. CIV 16-0331, and entered final Judgment. See Anaya v. Hatch, No. CIV 16-0331 MV/SMV, Order Adopting the Report and Recommendations, filed November 6, 2017 (Doc. 30); Anaya v. Hatch, No. CIV 16-0331 MV/SMV, Judgment, filed November 6, 2017 (Doc. 32). Anaya did not appeal but, instead, filed numerous post-judgment motions, all of which the Court denied. See Order at 2-3.

Following denial of the post-judgment motions, Anaya appealed to the United States Court of Appeals for the Tenth Circuit. See Anaya v. Hatch, No. CIV 16-0331 MV/SMV, Notice of Appeal, filed October 19, 2018 (Doc. 49). On February 6, 2019, the Tenth Circuit declined to issue a Certificate of Appealability and dismissed the appeal. See Order at 1. Anaya then filed this second § 2254 proceeding, on April 20, 2020. See Petition at 1.

Under 28 U.S.C. § 2244(b)(1), a claim presented in a second or successive habeas corpus application under § 2254 that was presented in a prior application shall be dismissed. A claim that was not presented in a prior application shall also be dismissed unless the applicant shows either

that the claim relies on a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court or that the factual predicate for the claim was previously unavailable and would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Anaya does not rely on any new constitutional law that was previously unavailable and made retroactive on collateral review by the United States Supreme Court. See 28 U.S.C. § 2244(b)(2)(A); Tyler v. Cain, 533 U.S. 656 (2001). Anaya does not argue or rely on a factual predicate that is sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found Anaya guilty of the underlying offense. See 28 U.S.C. § 2244(b)(2)(B); United States v. Espinosa-Saenz, 235 F.3d 501, 505 (10th Cir. 2000). His claims do not establish a basis for relief under § 2244(b)(2).

Further, even when a new issue is raised, before a second or successive petition is filed in the district court, the petitioner must move the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). When a second or successive § 2254 claim is filed in the district court without the required authorization from the court of appeals, the district court may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631 or may dismiss the petition for lack of jurisdiction. In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008)("Cline"); see also Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997).

The current Amended Petition is a successive § 2254 petition and is not accompanied by an authorizing order from a court of appeals. Under § 2244(b)(1), the Court lacks jurisdiction to proceed and must either dismiss Anaya's Petition or transfer this proceeding to the Tenth Circuit.

Applying the Cline factors, the Court concludes that, for two reasons, it is not in the interest of justice to transfer the proceeding: (i) Anaya fails to establish any grounds that would permit him to proceed on a second or successive petition as 28 U.S.C. § 2244(b)(2) requires; (ii) it is unlikely that Anaya could obtain § 2254 relief based on his claims; and (iii) even if it were not a second or successive petition, 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations would time-bar any of Anaya's claims. See Cline, 531 F.3d at 1252. The Court declines to transfer the Petition to the Tenth Circuit and will dismiss for lack of jurisdiction. See Coleman v. United States, 106 F.3d at 341. Under rule 11 of the Rules Governing Section 2254 Cases, because Anaya does not make a substantial showing of denial of a constitutional right, the Court will also deny a certificate of appealability.

**IT IS ORDERED** that: (i) the Petition Under 28 U.S.C. 2254 for a Writ of Habeas Corpus, filed April 20, 2020 (Doc. 1), is dismissed for lack of jurisdiction; (ii) the Amended Petition Under 28 U.S.C. 2254 for a Writ of Habeas Corpus, filed June 11, 2020 (Doc. 5), is dismissed for lack of jurisdiction; (iii) a certificate of appealability is denied; and (iv) Final Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Arturo Anaya
Clayton, New Mexico

    *Plaintiff Pro Se*